HIRAM B. CATLETT AND HERALD CATLETT

V.

LAURA YOUNG.

*Mines—Negligence—Statute Regulating the Protection of Shafts—Violation of—Action for Injury Resulting Therefrom—Contributory Negligence.*

When the mouth of the shaft of a mine is not protected in substantial compliance with the requirements of the statute, the owner must be held to

Catlett v. Young.

have wilfully and knowingly failed to comply with the law, and injury to person or property which is occasioned by such failure gives a right of action without reference to the care or prudence of the person injured.

[Opinion filed September 20, 1890.]

APPEAL from the Circuit Court of Vermillion County; the Hon. E. P. VAIL, Judge, presiding.

Mr. W. R. LAWRENCE, for appellants.

Messrs. BLACKBURN & REARICK and J. B. MANN, for appellee.

CONGER, P. J.  This is an action on the case brought by appellee against appellants to recover damages for the death of her husband, caused by falling down the shaft of a coal mine, the mouth of which, as she alleged in her declaration, was not securely protected by gates as provided by the statute regulating the operating of coal mines.  On the trial below appellee recovered a judgment for $2,000.

The testimony showed the shaft to be 234 feet deep, and that it had been in operation but a few months, the buildings and machinery for hoisting not yet being complete.  The coal was hoisted in a box about two and a half feet square, by means of a wire rope and engine, and when brought to the surface, a few feet above the mouth of the shaft, a flat car, of size sufficient to completely cover the mouth of the shaft, was run under, by hand, upon which the box of coal was dropped and unhooked, and the car was pushed a few feet away, barely clearing the mouth of the shaft; when the coal was dumped, the car was rolled back over the shaft, the box hooked to the cable, and the car pushed away to allow the descent of the box into the mine.  The track over the shaft was upon a slight incline to allow the loaded car to be easily moved.  It was kept in its place over the shaft by a chock-block, movable upon a bolt used for a pivot.  When the car was in its place over the mine, the mouth of the shaft was completely covered.  The continual tendency of the car, when not chocked, was to go down the slight incline and expose the

mouth of the shaft. The shaft was inclosed upon the east and west sides by heavy planks, five feet high, and upon the north by a timber two by four inches, upon which rested a trough for carrying off the water brought up in the buckets from the mine. This trough and the timber upon which it rested were about three feet high. The car was seven by eight feet and thirty inches high, and the rear end of it, when running off for unloading, barely cleared the shaft.

The deceased had been at work at the mine for some months, and had been engaged in operating this car for several weeks. He had run the car over the shaft to receive a box of coal, and had got upon the car to unhook the box, and drop it upon a tipple block upon the car arranged by himself, to more easily dump the box in emptying it. He notified the engineer that the box had not been properly dropped upon the tipple, and asked him to hoist again, which was done and the box again dropped, when the deceased stepped around the north side of the box and disappeared in the shaft and was instantly killed. He went between the rear end of the car and the north side of the shaft, or the trough and barricade on the north side. This space was eighteen inches.

The statute governing this case is as follows: " The top of each and every shaft, and the entrance to each and every intermediate working vein, shall be securely fenced by gates, properly protecting and covering such shaft and entrance thereto." Sec. 13, p. 209, Laws 1879. " For any injury to person or property occasioned by any wilful violations of this act, or wilful failure to comply with any of its provisions, a right of action shall accrue to the party injured for any direct damages sustained thereby; and in case of loss of life by reason of such wilful violation or wilful failure, as aforesaid a right of action shall accrue to the widow of the person so killed, * * * who was dependent for support on the person so killed, for a like recovery of damages." Sec. 14, same act.

The principal errors of which appellants complain are the refusal of the court to allow them to prove the interview with the mine inspector in regard to the operation of the mine,

and the conversation between appellant Herald Catlett and deceased, in regard to the mode of using the car in covering the shaft, for the purpose of showing the absence of wilful neglect on their part; the instruction of the jury by the court as to what constituted wilful neglect, and the refusal to instruct it that due care was required upon the part of the deceased, and as to what constituted wilful neglect on the part of appellants. No exception having been taken upon the ruling of the court as to the evidence alluded to, we shall not consider the assignment of errors based thereon.

Appellants asked the following instruction, which was refused: "Although you may believe from the preponderance of the evidence that defendants failed to fence the entrance to the shaft in such a manner as to securely protect the workmen from falling into it, yet if you believe from a like weight of evidence that deceased had charge and control of the opening and closing of the entrance, and while so at work wilfully left it open, and knew it was open, and while so open and while so knowing it, stepped upon the car, which was used for closing it, and recklessly exposed himself to the danger of falling into the shaft, and while so exposed, and while at work thereon, he fell into the shaft, the plaintiff can not recover."

This instruction is based upon the theory that notwithstanding appellant wilfully failed to comply with the statute, appellee could not recover if the deceased recklessly exposed himself to danger in working at the mouth of the shaft, or in other words failed to use ordinary care for his own protection. We can not assent to this view. When the mouth of a shaft is not protected in substantial compliance with the requirements of the statute, the owner necessarily must be held to have wilfully, or what is the same, knowingly, failed to comply with the law, and injury to person or property which is occasioned by such failure gives a right of action without reference to the care or prudence of the person injured. It is said, if this be the law one might intentionally fall into a shaft with suicidal intent, and mine owners would still be liable. The error in this proposition is, that in such case the injury would be caused by the intentional act of the injured per-

son, and in no proper sense could it be said to be "*occasioned*" by the failure of the mine owner to guard the mouth of the shaft.     But when one falls into a shaft, not intentionally, but because it is not protected as the statute requires, although he may be so careless of his own safety as to be charged with recklessness, we think the owner of the mine is liable.     This view is based, however, upon the supposition that the statute has not been complied with upon the part of the mine owner. The kind of gates required not being specified by the statutes, if the owner of the mine in good faith provides such as will substantially give the protection required by the statute, and a person in working around the mouth of the shaft fails to use ordinary care and is injured, we think there could be no recovery.     In this case the jury were told that it was for them to say from the evidence whether the appliance used at appellants' shaft was or was not a compliance with the statute and if they believed it was, and properly protected the shaft, if properly operated, and that deceased came to his death by reason of the want of ordinary care upon his part, in his mode of operating the appliance, then there could be no recovery.     This was correct, and the jury doubtless found that the appliance used by appellants was not a substantial compliance with the requirements of the statute, and we can not say they were wrong in this conclusion.

Complaint is made by appellants, of the action of the court in giving some instructions and refusing others, but we do not think justly.     The law, as we think, was correctly given to the jury, and the instructions refused were either erroneous or were contained in those given.     The fact that deceased was working for the appellants with the knowledge and approval of the one in charge of the work, and the representative of appellants, is clearly shown by the evidence, and disposes of the objection that deceased was not at the time of his injury an employe of appellants.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*