### John J. Lynch v. The People of the State of Illinois.

1. MALICE—*when exclusion of evidence as to non-existence of, error.* Where the declaration charged a malicious destruction and cutting of wires, it is error to exclude evidence offered for the purpose of showing that the defendant was impelled by no feeling of hatred, ill will or malice, and that in removing the wires in question he had no other object or purpose other than to carry out instructions which had been received by him from his superior.

2. EVIDENCE—*when intention may be testified to.* Where intent is of the essence of an offense, or is an important element constituting the defense, the defendant, in a case charging him with a crime or misdemeanor, has the right to testify to what his intention was in the commission of the act with which he is charged, leaving the credit which should be given to such testimony for the consideration of the jury.

Criminal prosecution for misdemeanor. Error to the County Court of Macon county; the Hon. O. W. SMITH, Judge, presiding. Heard in this court at the May term, 1907. Reversed. Opinion filed December 7, 1907.

HUGH CREA and HUGH HOUSUM, for plaintiff in error.

W. E. REDMON, for defendants in error; BUCKINGHAM & GRAY, of counsel.

MR. JUSTICE RAMSAY delivered the opinion of the court.

This was a proceeding upon an information in the County Court of Macon county against John J. Lynch, which charged that he, "unlawfully, wilfully and maliciously destroyed, injured and cut the wires, brackets and cross-arms" then and there the property of the Macon County Telephone Company. Upon trial had in that court plaintiff in error was found guilty and the court imposed a fine of $100. Lynch brings the case to this court upon writ of error.

The evidence shows that there was a controversy between the Postal Telegraph Cable Company and the Macon County Telephone Company as to the right of the latter to keep and maintain its cross-arms and wires upon the poles belonging to the former; that for several years prior to the time of the alleged misdemeanor such telephone company had used the poles of the telegraph company to string its wires upon; that the right to this use upon the part of the telephone company was seriously in dispute; that the telegraph company claimed that there was no contract or obligation resting upon it to allow such use of its poles, while the telephone company claimed a contract in respect thereto, but offered no evidence as to the terms of any such agreement.

Plaintiff in error offered to prove upon the trial that while matters were in this condition the telegraph company notified the telephone company on October 24, 1906, that unless the wires were removed on the 23d day of November, 1906, such telegraph company would have their poles cleared of such wires, etc. On December 8, 1906, plaintiff in error took down the wires, cross-arms and brackets in question, wound the wire and piled it and such cross-arms and brackets at the end of a telephone line owned by the telephone company, which work he offered to prove he did as the general line foreman of the telegraph company and by its direction and under its instruction.

Plaintiff in error also offered to prove that he was not actuated or impelled by any feeling of hatred, ill will, or malice toward the manager of the telephone company, or any one else connected with its affairs and that he had no object in view in removing the wires other than a wish to carry out the instructions he had received from the manager of the telegraph company. This evidence offered was held to be inadmissible by the court.

The holding of the court upon these offers was erroneous. The information in each count charged that plaintiff in error "wilfully and maliciously destroyed and cut" the wires, etc. Under this accusation malice became the gist of the charge.

In Words and Phrases, Vol. 5, p. 4298, "malice" is defined as follows: "Malice in common acceptation means ill will against a person; but in its legal sense, it means a wrongful act done intentionally without just cause or excuse."

Bouvier defines malice as being: "A wicked intention to do an injury." Webster defines the word to mean: "Extreme enmity of heart; malevolence; a disposition to injure others without cause, from mere personal gratification, or from a spirit of revenge, etc."

The intention of plaintiff in error became a controlling element in determining his guilt or innocence and any evidence tending to show the presence or absence of a guilty intention was competent and should have been admitted in evidence.

Where intent is of the essence of the offense, or an important element constituting the offense, the defendant, in a case charging him with a crime or misdemeanor, has the right to testify to what his intention was in the commission of the act with which he is charged, leaving the credit which should be given to such testimony for the consideration of the jury. Wohlford v. The People, 148 Ill. 296.

In Odin Coal Co. v. Denman, 84 Ill. App. 190, in a case where a wilful violation of the statute, providing for the health and safety of employes in coal mines, was involved, the court say that in all cases where intent is an issue, a party may testify directly to his intent and in determining that issue the jury should consider the party's statement as to his intent, together with all the other evidence, facts and circumstances in evidence in the case.

In Partridge v. Cutler, 104 Ill. App. 89, which involved the question whether or not a party intended to violate the statute governing gambling contracts on the Chicago Board of Trade, the court say that the party should have been allowed to state what in fact he intended in that regard.

In Dunbar v. Armstrong, 115 Ill. App. 549, the court say that both in civil and criminal suits, where the intent of the party becomes a material issue in the case, the party may be asked the direct question, what was his intention at the particular time or with respect to the particular act in question.

In the case before us the element of malice, which is essential to a conviction, is wholly wanting. Plaintiff in error acted in the utmost good faith in carrying out the orders of his superior in removing from its poles, the wires of the telephone company, which rested there by virtue of a very doubtful right at best. If the telephone company has any rights which have been wrongfully disturbed they should be determined in a civil and not a criminal proceeding.

The judgment is reversed but the cause is not remanded.

*Reversed.*