## THE BARTLETT COAL AND MINING COMPANY

*v.*

## DRURY D. ROACH *et al.*

1. NEGLIGENCE—*action for death caused by—mining company.* Where a mining company failed to comply with the requirements of the act of 1872, to provide "for the health and safety of persons employed in coal mines," which required "the top of each shaft" to be "securely fenced by vertical or flat gates properly covering and protecting the area of the shaft," and in consequence of which an employee, while using due care, fell into a shaft and was killed: *Held*, that the company was liable in an action on the case, to his personal representatives, for the death.

2. The fact that the accident occurred in a few days after the statute went into effect, and before the company had time to comply with its provisions, presents no defense to the action, as, if the company was not prepared to comply with the law, it should have suspended operations until it was able to do so, and not having done so, its failure must be regarded as wilful.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

This was an action on the case, brought by Drury D. Roach, the father, Delpha Roach, the mother, and Cuzzy A. Roach, the sister of the deceased, against the Bartlett Coal and Mining Company, to recover damages for the death of Andrew J. Roach, caused by the neglect of duty on the part of the defendant. The plaintiffs recovered judgment for $800 damages in the court below, and the defendant appealed.

Mr. WM. H. UNDERWOOD, for the appellant.

Messrs. SNYDER & DILL, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The single error assigned is, the court erred in refusing to grant a new trial and in rendering judgment on the verdict.

The suit was brought to recover damages for the death of Andrew J. Roach, alleged to have been caused by the wilful

failure of the company to comply with the provisions of the 8th section of the act of 1872, in regard to mines, which requires "the top of each shaft shall  *  *  be securely fenced by vertical or flat gates, properly covering and protecting the area of the shaft."

There can be but little doubt, in view of the evidence, that the accident would not have occurred if the top of the shaft had previously been secured as required by the statute, and as has since been done.

The theory of the defense rests on different grounds. In the first place, it is suggested, the clause of the statute under which the action was brought was probably designed to protect third persons and stock from injury in open mines. We can not adopt this construction. The title itself expresses the beneficent purpose the Legislature had in view in the passage of the law, viz. : to provide "for the health and safety of persons employed in coal mines."

The law went into force on the 1st day of July, 1872, and the accident occurred on the 9th day of the same month, and it is urged no adequate time had elapsed in which the company, by the exercise of reasonable diligence, could have complied with its provisions.

This was purely a question of fact, and the jury has found it against the company. But the objection is untenable for another reason. The appellant will be presumed to have known when the law took effect, and if the company was not prepared to comply with its provisions, it was its duty to suspend operations in the mines until the necessary preparations could be made, and its failure to do so must be regarded as wilful. The company continued to operate its mines in defiance of the law, and must bear the consequences.

It is also insisted, the deceased was guilty of such negligence as would prevent a recovery. We perceive no want of ordinary care in his conduct. The only negligence proven is, in pushing the box in the wrong direction. It was quite common for employees to do the same thing. It was done in

this instance that he might load the car more evenly, and thus do the work of his employer better. At most, it was a mere indiscretion on his part. The very object to be attained by the law was, to prevent injuries to persons so employed, that the slightest degree of negligence might not prove fatal. It is shown conclusively, by the evidence, that if the gates had been in position the accident would not have happened, notwithstanding the manner in which he did his work.

The injury was not occasioned by the negligence of a fellow servant, as suggested by counsel. It was caused by the failure of the company to comply with the provisions of the law. The neglect was that of the company itself, for which it must be held responsible; and hence the principle of law invoked, that one servant can not recover against the common employer for an injury caused by a fellow servant in the same line of employment, can have no application to the facts of this case.

Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*