## THE CARTERVILLE COAL COMPANY
### *v.*
### A. MORTON ABBOTT.

*Opinion filed October 16, 1899.*

1. MINES—*liability of mine owner for violation of statute to protect miners.* The failure of the owner and operator of a coal mine employing more than six men to place a hand-rail along the stairway in the escapement shaft, as required by section 3 of the act on mines, as amended in 1889, (Laws of 1889, p. 204,) renders such owner or operator liable, under section 14, as amended in 1887, (Laws of 1887, p. 235,) for an injury sustained by an employee and due to such defect, irrespective of the question of contributory negligence, as such statute was passed in compliance with section 29 of article 4 of the constitution.

2. PLEADING—*when averment of due care by plaintiff is surplusage.* In an action by a miner to recover for personal injuries resulting from a willful violation of the statutory duties prescribed for the protection of miners, in obedience to a mandate of the constitution, which fact is averred in the declaration, a further averment that the plaintiff was in the exercise of due care is surplusage and need not be proved.

*Carterville Coal Co.* v. *Abbott,* 81 Ill. App. 279, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Williamson county; the Hon. A. K. VICKERS, Judge, presiding.

Plaintiff received the injury sued for in this case on May 13, 1897, at which time he was in the employ of the defendant, a coal mining corporation, as a blacksmith, and while descending the air or escapement shaft by means of a ladder, fell from the last platform to the bottom, a distance of about eleven feet.

The two counts of the declaration charge the defendant, in effect, with a willful failure to construct or maintain an escapement shaft in the manner provided for by section 3 of chapter 93 of the statutes of Illinois. The second count sets out that section *in totide verba,* and avers that the coal mine was opened in 1890, after the

passage of the act in force July 1, 1889; that there was provided and maintained, in addition to the main hoisting shaft, a separate escapement shaft from the mine to the surface of the ground, which was used by the defendant as a second means of ingress and egress by means of a system of ladders and platforms, which ladders and platforms were not partitioned off from the main air-way into said mine, and did not have substantial hand-rails or safe means of any kind to protect the lives and persons of the employees of said mine while using the said ladders and platforms; that the defendant suffered dirt to accu- mulate on the last one of said platforms descending into the mine, making the same to appear to one descending therein as the bottom or ground floor of said mine, but which platform was twelve feet from the bottom of said mine; that the plaintiff was required to enter said mine for the purpose of fixing and repairing a pump therein, and while so descending said escapement shaft, in the exercise of due care and caution, fell and sustained numerous injuries. A verdict and judgment for $3500 being affirmed in the Appellate Court, this appeal is prosecuted.

It was not contended but that the defendant failed to provide an escapement shaft as required by section 3 of chapter 93 of the act in force July 1, 1889, after the passage of which this mine was opened. The proof showed that about one hundred and twenty-five men were employed in the mine at the time of the accident, and that the escapement shaft had been in use for six or seven years prior to the accident. The appellant contends, however, that there is no proof in the record showing for what length of time preceding May 13, 1897,—the date of the accident,—a greater number of men than six were employed, and that the statute does not apply to a mine which has not, for a year preceding, been operating with a force of six men or more. The proof showed that at times over one hundred men had been employed within the mine, and the jury would have been warranted from

that fact, and the fact that the mining company had in fact constructed an escapement shaft, in concluding that the number of men employed by it brought it within the requirements of the statute. Independently of this, however, the provision of the statute is, as to mines opened after the passage of this act, that one year's time shall be allowed for all shafts two hundred feet in depth or less, time to be reckoned, in all cases, from the date on which coal is first hoisted from the original shaft for sale or use, making it the duty of the inspector to see that all the escapement shafts are begun in time to secure their completion within the time specified.

No peremptory instructions were asked, and the only other questions for consideration by this court are those based upon the giving and refusal of instructions.

The theory of appellant's defense on the trial of this case was, that the plaintiff was not in the exercise of due care and caution for his own safety at the time of the accident. This was alleged in the declaration, and the plea of the general issue traversed that allegation. Witnesses for the defendant testified that the plaintiff admitted, shortly after the accident, that it was partially his own fault,—that "it was my own foolishness." Defendant sought to prove by the engineer that he asked the plaintiff and his helper if they wished to be let down by means of the cage in the mine shaft; that he had steam up and was prepared to let them down in that manner; that plaintiff made no answer, and getting no satisfaction from him, he left; that as the plaintiff's duties required him to go into the mine for different purposes, such as shoeing the mules, fixing the machinery, etc., he at all times had the right to command the use of the cage for purposes of ascent or descent.

Among the instructions given for the plaintiff to which defendant excepted were the following:

7. "That if plaintiff did say he fell and was injured as a result, partly, of his own neglect, yet if the jury believe,

from a preponderance of the evidence, that the plaintiff's injury was occasioned by reason of the willful failure of defendant to partition off the stairway from the main air-way of the escapement shaft and provide substantial hand-rails and platforms for the same, and that such injury would not have occurred but for such willful failure, then the verdict should be for the plaintiff."

4. "That if the jury believe, from a preponderance of the evidence, that on the 13th of May, 1897, defendant was the operator of said coal mine worked by shaft, which had been in operation for more than a year for hoisting coal for sale and use, and there were more than six men employed in such mine, and an escapement shaft had been constructed in addition to the hoisting shaft, and said mine was less than one hundred feet in depth, but defendant willfully failed to provide such escapement shaft with stairways partitioned off from the main air-way, having substantial hand-rails and platforms, and by reason of such willful failure the plaintiff, while in the employ of defendant in said mine, fell to the bottom of said shaft and was injured, the verdict should be for 'the plaintiff."

All the instructions asked by the defendant were refused, to which it excepted. They were as follows:

1. "The jury are instructed that an employer is not required to exercise any greater degree of care for the preservation and safety of his employee than the employee exercises on his own behalf, and that all risk knowingly assumed by the employee is incident to the service that he enters, and is supposed by him to be voluntarily assumed, and to form a portion of the consideration for the wages which he charges for his services.

2. "The jury are further instructed that an employee cannot recover damages for the alleged negligence or carelessness of his employer unless he is shown to have been in the exercise of due care himself at the time of receiving the injury complained of.

3. "The jury are also instructed that where an employee is fully acquainted with the machinery and construction provided by the employer and with or about which the employee renders his services, and voluntarily, after possessing such knowledge of any imperfection or defect of construction or appliances of the business in which he is engaged, remains in the service of his employer, he cannot recover damages for such imperfections of construction or implements as he was aware of at the time of the alleged injury.

4. "The jury are also instructed that where an employer fails to provide such precautions against possible injury to his employees as the statutes of the State or the common law require him to provide, still, if the employee is fully acquainted with such omission on the part of the employer, and voluntarily exposes himself, in the rendering of his services, to the hazards consequent upon the omission of the employer to conform to the law, the employee will be presumed to have voluntarily assumed the risk to which he was exposed and of the existence of which he had such knowledge, and he cannot recover for damages from such source.

5. "The jury are further instructed that although it may appear, from the evidence, that the defendant failed to observe and comply with the statutory requirements in the construction of means of access to and from the mine, yet this would not excuse the plaintiff from establishing, by competent evidence, that at the time of receiving the alleged injury he was himself in the exercise of due care for his own safety.

6. "The jury are further instructed that before a person can recover on account of negligence in the performance of a statutory duty on the part of another, it must appear, not only that the injury complained of was the result of such negligence, but it must also appear that the injured party was at the time in the exercise of due care."

CLEMENS & WARDER, for appellant.

DUNCAN & RHEA, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

It was said in the case of *Calumet Iron and Steel Co.* v. *Martin,* 115 Ill. 358: "From the earliest reported case in our Reports where the question was passed upon, to the present time,—a period of more than thirty years,—the general rule has been declared and recognized in opinions announced from time to time, that in order to recover for injuries from negligence it must be alleged and proved that the party injured was, at the time he was injured, observing due or ordinary care for his personal safety," and many cases are cited of the decisions of this court prior to that adjudication sustaining that rule. Since that opinion was announced numerous cases have been decided in which the same rule has been sustained. To this rule, however, there is a distinct and positive exception, growing out of the provisions of section 29 of article 4 of the constitution of this State, which is as follows: "It shall be the duty of the General Assembly to pass such laws as may be necessary for the protection of operative miners, by providing for ventilation when the same may be required, and the construction of escapement shafts, or such other appliances as may secure safety in all coal mines, and to provide for the enforcement of said laws by such penalties and punishments as may be deemed proper."

The legislation of this State enacted for the purpose of complying with the above provision of the constitution, provides for certain duties to be performed by the mine owner or operator with reference to the construction of an escapement shaft, ventilation, bore-holes, and for operating hoist-ways and the like, designed for the protection and safety of miners. By section 3 of "An

act providing for the health and safety of persons employed in coal mines," in force July 1, 1879, it is provided that when more than six men are employed, escapement shafts are required to be constructed, and "such escapement shafts as shall be equipped after the passage of this act shall be supplied with stairways partitioned off from the main air-way, and having substantial hand-rails and platforms, and such stairways shall be at an angle of not greater than forty-five degrees." Section 14 of that act, as amended and in force July 1, 1887, is as follows: "For any injury to person or property occasioned by any willful violations of this act or willful failure to comply with any of its provisions, a right of action shall accrue to the party injured for any direct damages sustained thereby; and in case of loss of life by reason of such willful violation or willful failure, as aforesaid, a right of action shall accrue to the widow of the person so killed, his lineal heirs or adopted children, or to any other person or persons who were before such loss of life dependent for support on the person or persons so killed, for a like recovery of damages for the injuries sustained by reason of such loss of life or lives, not to exceed the sum of $5000."

By this latter section, for an injury to person or property, or for loss of life, occasioned by a willful violation of any of the provisions of the act providing for the health and safety of persons employed in coal mines, the operator is made liable in damages. An enactment such as this, which is in force by the mandatory requirement of the constitution, is of the gravest import and of the highest character, and must necessarily be construed in connection with the constitutional provision requiring the enactment. Where so large a number of persons are engaged in a productive industry as in coal mining in the State of Illinois, and where the work is of such a character that it is recognized as being attended with unusual hazards and dangers, the constitution requires that legislation shall be had for the purpose of protecting those

thus engaged from the known extraordinary hazards and dangers. In the construction and equipment of mines, therefore, the act requires the discharge of specific duties, so that the utmost safety can be extended to the miners. This requirement of the constitution is sought to be met by this legislation, which directs the owner, operator or manager to make provision for the safety of the miners employed within the mine.

Where an owner, operator or manager so constructs or equips his mine that he knowingly operates it without conforming to the provisions of this act, he willfully disregards its provisions and willfully disregards the safety of miners employed therein. Where such owner, operator or manager willfully disregards a duty enjoined on him by legislation of this character, and places in danger the life and limbs of those employed therein, he cannot say that because one enters a mine as a miner with knowledge that the owner has failed to comply with his duty, he is guilty of contributory negligence. Neither can it be said that by using the means provided by the owner, operator or manager for entering the shaft the miner is guilty of contributory negligence. Mere contributory negligence on the part of a miner will not defeat a right of recovery where he is injured by the willful disregard of the statute, either by an act of omission or commission, on the part of the owner, operator or manager. To hold that the same principle as to contributory negligence should be applied in case of one who is injured in a mine because the owner, operator or manager totally disregarded the statute, as in other cases of negligence, is to totally disregard the provisions of the constitution, which are mandatory in requiring the enactment of this character of legislation, and would destroy the effect of the statute and in no manner regard the duty of protecting the life and safety of miners.

A willful disregard by the employer of a duty imposed is a willful exposure to liability to injury of the employee,

and is an act of negligence of so gross a character and so utterly in disregard of law that the question of contributory negligence, merely, has no place in the case as relieving such owner, operator or manager from liability for an injury which has resulted solely from the fact of such negligence. Under the evidence in this record it appears the escapement shaft was not partitioned off from the main air-way, nor was the stairway provided with substantial hand-rails, nor was the platform protected by railing. This escapement shaft is shown to have been used by employees in entering into and passing from the mine. The duties of the blacksmith required him to enter the mine at various hours for the purpose of discharging the various duties incumbent on him, and he was in the habit of using, for the purpose of entering or departing from the mine, the stairway provided by the defendant company. The evidence shows that had the stairway and platforms been protected by hand-rails it is utterly improbable that the injury could have resulted in the manner it did. The neglect of the defendant to discharge its duty in providing hand-rails was the cause from which the injury resulted, and it is not to be excused by any mere contributory negligence on the part of the plaintiff.

If one is injured as a result of some act of negligence on the part of the mine owner other than failure to comply with specific duties required by the statute, then the person injured must have been in the exercise of ordinary care before he can maintain an action, and must allege and prove that he was in the exercise of such care. The rule is different, however, under this legislation, where there is a willful failure to comply with the provisions of the statute, and the right of recovery cannot depend, in such case, on the exercise of ordinary care by the person injured, nor can he be precluded by mere contributory negligence. This legislation fixes a broad and distinct exception from the general rule.

It was not error to refuse the instructions asked by the defendant or to give those asked by the plaintiff.

The principles here announced are sustained by *Bartlett Coal and Mining Co. v. Roach,* 68 Ill. 174, *Litchfield Coal Co. v. Taylor,* 81 id. 590, and *Catlett v. Young,* 143 id. 74.

Even though the declaration avers the plaintiff was in the exercise of due care and caution, yet where the evidence discloses the fact that the injury resulted from the willful violation of the statutory duties prescribed for the protection of miners, and that fact was averred in the declaration, the simple averment of due and ordinary care does not entail the additional duty of proving the same, and is surplusage.

It is clear the plaintiff was entitled to recover, and as we find no error in the record the judgment of the Appellate Court for the Fourth District is affirmed.

*Judgment affirmed.*