WILLIAM VonBoeckmann, Appellee, *vs.* The Corn
Products Refining Company, Appellant.

*Opinion filed October 24, 1916.*

1. APPEALS AND ERRORS—*when Supreme Court will review case
although the constitutional question has been determined.* Where
a cause is transferred to the Supreme Court by the Appellate Court
on the ground that the validity of a statute is involved the Supreme
Court will review the case, although, before the cause was trans-
ferred, it had held the statute valid on grounds other than those
set up in the case at bar, and although, since the cause was trans-
ferred, the statute has been held not subject to the particular ob-
jections urged in the case at bar.

2. WORKMEN'S COMPENSATION—*Workmen's Compensation act
of 1911 is not unconstitutional.* The Workmen's Compensation
act of 1911 was passed in the manner provided by the constitution
and its validity cannot be attacked on that ground.

3. SAME—*what necessary to right of action under Factory act
against a corporation under the Workmen's Compensation act.* To
maintain an action against a corporation for injuries alleged to
have resulted from a violation of the Factory act, if the parties
are under the Workmen's Compensation act of 1911 the injured
employee must allege and prove that the intentional omission to ob-
serve the provisions of the Factory act, which omission caused the
injury, was that of an elective officer or officers of the corporation.

4. SAME—*effect of declaring Compensation act of 1911 invalid
when pleaded as a defense.* Where the employer sets up, by a spe-
cial plea to a declaration in case based on a violation of the Factory
act, that the parties are under the Workmen's Compensation act
of 1911, the trial court's decision that such act is invalid takes from
the employer the defense given by such act, and he is warranted
in treating the decision as barring any evidence under the spe-
cial plea.

5. PLEADING—*what need not be alleged where defendant relies
upon a statute.* In an action on the case based upon an alleged
violation of the Factory act, the defendant corporation may set
up as a defense that it has elected to come under the Workmen's
Compensation act of 1911 without alleging that there was no in-
tentional violation of the Factory act on the part of an elective
officer of the corporation, since where a statute is relied on for a
defense the party relying on it need not refer to or negative an
exception or proviso unless it is contained in the enacting clause.

6. Same—*when violation of statute by elective officer of corporation may be alleged in replication.* Where the defendant corporation, in an action based upon a violation of the Factory act, sets up in a special plea that it has elected to come under the Workmen's Compensation act of 1911, the plaintiff may allege in his replication, without amending the declaration, that the injury was caused by an intentional omission of an elective officer of the corporation, although, under proper practice, such allegation should be made in the declaration, so as to narrow the pleadings to the declaration and the general issue.

7. Same—*trial court may hear evidence on demurrer to decide constitutionality of a statute.* Where the defendant to an action on the case for personal injury sets up as a defense that it has elected to come under the Workmen's Compensation act of 1911, and the plaintiff in his replication alleges that the act was not passed in the manner required by the constitution, it is proper, on demurrer to the replication, for the court to hear evidence bearing upon that question.

8. Factories—*what evidence is not admissible in an action under the Factory act.* Where a violation of the Factory act in failing to cover certain exposed cog-wheels is relied on as the cause of the injury, evidence of the slippery condition of the floor where the injured employee was working is not admissible, as that was not an issue in the case.

9. Same—*when averment of due care is mere surplusage and should be expunged.* In an action on the case for personal injury, based solely upon an alleged violation of the Factory act, contributory negligence is not a defense, and an averment of due care in the declaration is mere surplusage, which need not be proved; but the averment should be expunged from the declaration if an instruction is given referring the jury to the declaration for the purpose of determining what the allegations are.

Appeal from the Circuit Court of Tazewell county; the Hon. John M. Niehaus, Judge, presiding.

Page, Hunter, Page & Dallwig, and Calhoun, Lyford & Sheean, for appellant.

Jesse Black, Jr., and James P. St. Cerny, for appellee.

Mr. Justice Duncan delivered the opinion of the court:

William VonBoeckmann sued appellant in case in the circuit court of Tazewell county to recover damages for a personal injury received by him while employed by appellant. In every count of the five-count declaration it is alleged that on May 11, 1913, appellant was operating at Pekin, Illinois, a factory for the manufacture of glucose, starch and other products, and that in the wet-starch house or mill house of said factory were certain revolving reels driven by electric power transmitted to them from a line-shaft through bevel gearings at the head of every reel; that it was appellee's duty to watch said reels and when any of certain pipes carrying a wet product to the reels choked up, to loosen the product in the pipes by striking on them with a hammer or iron rod; that that was the usual method by which that work was done; that on the day mentioned the pipe leading to one of the reels choked and appellee went to it, and while striking on it to move the product his clothing became caught in the bevel gear at the head of the reel; that it was necessary for appellee to go close to said gear and extend his arm over the same in order to strike the pipe; that appellee was in the exercise of due care and caution for his own safety.

In each of the five counts is contained some one of the allegations (1) that said gears were dangerous to employees working on said reels; (2) that said gears were so located as to be dangerous to employees; (3) that the gearings constituted a place of danger, and that appellee, in performing his work, was compelled to pass and be near them. In all the counts it is charged that it was practicable to properly enclose, fence, guard or otherwise protect the bevel gearings, and that it was appellant's duty to do so, as provided by statute. In the first count it is further averred that appellant, in violation of the statute, willfully and intentionally neglected to enclose, fence, guard or otherwise protect said bevel gearings, and by reason thereof plaintiff

was caught and drawn between said gears and injured. In the first additional count the averment is that appellant, in violation of the statute, negligently failed to enclose, fence, guard or otherwise protect said gearings, in consequence of which negligence plaintiff was drawn between said gearings and injured. In the second, third and fourth additional counts the allegations are that appellant, in violation of the statute, willfully, carelessly, recklessly and negligently omit- ted to properly enclose, fence, guard or otherwise protect said gearings, and in consequence of such negligence appel- lee was drawn between said bevel gear and injured. Ap- pellant filed a plea of general issue and to all the counts two special pleas, averring, in substance, that appellee and appellant were at the time of such injuries under and bound by the provisions of the Workmen's Compensation act of 1911. Appellee filed three special replications, setting forth, in substance, in all of them, that the Workmen's Compen- sation act of 1911 was invalid because the bill or act, with all its amendments, was not printed before the vote was taken on its final passage in the house and senate, as provided by the constitution. Appellant demurred to said rep- lications. The court, on motion of appellee, heard evidence on the question whether or not the bill or said act of 1911 was printed before its final passage in the two branches of the legislature and overruled the demurrer,—that is, held that said act was invalid for the reasons set forth in the replications. On a trial of the other issues a verdict for $10,000 damages was returned by the jury and the court entered judgment on the verdict. On appeal the Appellate Court for the Third District transferred the cause to this court on the ground that the constitutionality of the Work- men's Compensation act of 1911 is involved.

Appellant contends that inasmuch as the constitutional- ity of the Workmen's Compensation act of 1911 had been passed on adversely to appellee's contention by this court in three or more decisions prior to the trial of the instant

case, that question is no longer an open one in this State, and that the Appellate Court should have so treated it and have passed on the merits of the cause instead of transferring it to this court for decision. It is a sufficient answer to that contention to say that at the time this case was being appealed the constitutionality of said act had not been passed on by this court upon the grounds on which it is attacked by appellee in this case, and while its validity on the grounds assigned by appellee has been recently determined by this court, appellee is entitled to now have this cause reviewed in this court.

By the provisions of section 3 of the Workmen's Compensation act of 1911, if the employer has elected to be bound by the act no common law or statutory right to recover damages for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation provided in said act, shall be available to any such employee who has accepted the provisions of the act, *"Provided,* that when the injury to the employee was caused by the intentional omission of the employer, to comply with statutory safety regulations, nothing in this act shall affect the civil liability of the employer. If the employer is a partnership, such omission must be that of one of the, partners thereof, and if a corporation, that of any elective officer thereof." The act was passed in the manner provided by the constitution, and the circuit court erred in holding the act invalid. *Dragovich* v. *Iroquois Iron Co.* 269 Ill. 478; *Frey* v. *Kerens-Donnewald Coal Co.* 271 id. 121.

The right of appellee to maintain his suit depended not only upon his proving that his injury was caused by the intentional omission of appellant to properly enclose, fence, guard. or otherwise protect said gearings, as provided by the Factory act, but also that said intentional omission was committed by an elective officer or officers of the appellant. (*Forrest* v. *Roper Furniture Co.* 267 Ill. 331.) By his spe-

274 — 39

cial replications of confession and avoidance, appellee in effect admitted that appellee and appellant had accepted and were bound by the Workmen's Compensation act of 1911 but averred that that act was invalid. It was permissible for the court to hear evidence under the demurrer to the replications and to decide the constitutionality of the act, as the question whether or not the law was a valid law was one for the court to settle on proofs submitted, no matter when received. (*Neiberger* v. *McCullough,* 253 Ill. 312; *Nakwosas* v. *Paper Stock Co.* 260 id. 172; 6 Ency. of Pl. & Pr. 297.) Appellee is estopped to question that procedure now, as the court heard the evidence on his motion. But the court's decision that the act was invalid took away from appellant its main reliance for a defense to this action,— *i. e.,* that appellee could not maintain any action at law under the Factory act but was confined solely to his right of compensation under the Workmen's Compensation act. When the court declared the law invalid, appellant was warranted in treating that decision as barring it from offering any evidence to the jury on its special pleas.

Appellant insists that the declaration was bad because the burden was on appellee to allege and prove that the intentional omission to comply with the Factory act with respect to protecting and guarding the dangerous machinery was that of an elective officer of appellant, and that it contains no such allegation. Appellee insists that the burden of such allegation and proof was on appellant, and that for that reason its special pleas were bad because they were not a complete answer to the declaration for want of said allegation. Both parties waived their right to make such claim, even if they were right in such contentions, by pleading instead of demurring to the alleged defective pleadings, and appellee did not move or ask that appellant's demurrer be carried back to its pleas, and appellant filed the general issue and could not have its demurrer carried back to the declaration. *Wells* v. *Mason,* 4 Scam. 84.

Any one of the five counts of the declaration stated a good cause of action under the Factory act if appellant had elected and given notice that it would not be bound by the Compensation act, and the defenses of assumed risk and contributory negligence of appellee were not available to appellant. (*Streeter* v. *Western Scraper Co.* 254 Ill. 244.) Had appellee's view been correct that the Compensation act was invalid all counts of the declaration would have been unquestionably good on demurrer to them. But the Compensation act is a valid law, and if both parties were under that act, proof of that fact by appellant was a complete bar to appellee's suit as made by his declaration unless appellee made the further proof that appellant's intentional violation of the Factory act was by an elective officer. If appellant was required to plead the Compensation act as a defense instead of being permitted to prove it under the general issue, as we think it might do, it was not required to make the further allegation that there was no intentional violation of the statute by an elective officer of appellant, because of the rule that where a statute is relied on for a defense the party relying on it need not refer to or negative an exception or proviso unless it is contained in the enacting clause. (*Hyman* v. *Bayne*, 83 Ill. 256.) In any event, therefore, it was incumbent on appellee to allege in some one of his pleadings, and prove, that the intentional violation of the Factory act was by an elective officer of appellant. If both appellee and appellant are under the Compensation act,—that is, are bound by it,—as the pleadings in this case indicate, the proper place to make those allegations to avoid inconsistent allegations by appellee would be in the declaration, and those allegations in the declaration would have narrowed the pleadings to the declaration and the general issue, as is usual in an action on the case. Inasmuch, however, as appellant pleaded the statute, it is proper that appellee be permitted to reply to appellant's special pleas that the violation of the statute was by an elective officer of appellant,

or to deny, if he desired to do so, that the parties have elected to be bound by the Compensation act. Had he so pleaded. instead of replying that the Compensation act was invalid his pleadings would have been consistent and have contained all the allegations necessary to maintain his action without amending' the declaration except as to the second count, which charged mere negligence.

It was error in the trial court to admit evidence of the slippery condition of the floor near the reel in question, as it was not averred in the declaration that that condition caused the injury. The violation of the Factory act was relied on as the sole cause of the injury, and contributory negligence is not a defense in such case. The evidence was not proper on the question of due care of appellee, as that was not an issue in the case.

It was not error to refuse appellant's second refused instruction, as contributory negligence was not a defense to the action in any event. The averment of due care of appellee was mere surplusage and might and should have been expunged from the declaration, as the jury were referred to it for the purpose of determining what his allegations were. But he was not required to prove mere surplusage. · (*Carterville Coal Co.* v. *Abbott,* 181 Ill. 495.) The court gave numerous instructions for both parties on that question, and for that reason the instructions were more favorable to appellant than the law of the case warranted.

As the case will have to be reversed for the errors indicated and tried by another jury, we do not deem it necessary to pass upon the question whether or not the judgment is excessive, or upon any other questions raised on this record.

The judgment of the circuit court is reversed and the cause remanded, with directions to permit appellee to reply to appellant's special pleas if he so desires, and for further proceedings not inconsistent with this opinion.

*Reversed and remanded, with directions.*