JOSEPH VEGICH, Plaintiff-Appellant, *v.* McDOUGAL HARTMANN COMPANY *et al.*, Defendants-Appellees.

Third District   No. 79-388

Opinion filed May 30, 1980.

Ronald Hanna, of Hamm & Hanna, Ltd., of Peoria, for appellant.

Edward R. Durree, of Strodel & Kingery, of Peoria, for appellees.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Plaintiff Joseph Vegich was seriously injured when his pickup truck, driven by Frank Kawolsky with plaintiff as a passenger, collided with a flatbed semitrailer parked on the roadway of a portion of Route 24 under construction. Plaintiff filed suit against McDougal Hartmann Company, the general contractor in charge of construction, among others, and charged defendant with liability under section 6 of "An Act to protect workmen and the general public from injury or death during construction" (Ill. Rev. Stat. 1975, ch. 121, par. 314.6) for knowingly and wilfully violating the provisions of the statute that require closed portions of a highway to be marked with warning signs at each access point. See section 4 (Ill. Rev. Stat. 1975, ch. 121, par. 314.4).

Plaintiff's second amended complaint was dismissed for failure to allege that plaintiff was free from contributory negligence, and thereafter plaintiff filed a third amended complaint which included in count I an allegation that he was "at all times in the exercise of due care and caution for his own safety and the safety of his property and was at all times free from any contributory negligence."

Defendant filed a motion for summary judgment asserting that plaintiff was contributorily negligent as a matter of law. In support of that motion, defendant supplied excerpts from plaintiff's depositions in which he stated that he and Frank Kawolsky had visited three taverns that evening and drank ten or eleven 12-ounce beers, that they traveled three blocks in the construction area prior to the accident, that plaintiff had

driven the same route daily for six or seven months and knew the road was closed for construction, that plaintiff was awake but did not warn Kawolsky, and that plaintiff did not see the flatbed trailer before they collided with it. The trial court granted defendant's motion for summary judgment, and plaintiff has appealed.

The sole issue presented by this appeal is whether the defense of contributory negligence is available in an action based upon a wilful violation of section 4 (Ill. Rev. Stat. 1975, ch. 121, par. 314.4). In a companion case decided today, we held that the statutory provisions governing road construction injuries create strict liability and that contributory negligence is not a defense to an action under this act. (*Kawolsky v. McDougal Hartmann Co.* (1980), 84 Ill. App. 3d 410.) Consequently, we find that the trial court erred in entering summary judgment in favor of defendant.

The judgment of the Circuit Court of Peoria County is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

BARRY and SCOTT, JJ., concur.