(Nos. 53681, 53695 cons.—

JOSEPH VEGICH, Appellee, v. McDOUGAL HART-MANN COMPANY *et al.* (McDougal Hartmann Company, Appellant).—SHARON R. KAWOLSKY, Indiv. and as Adm'x, Appellee, v. McDOUGAL HARTMANN COMPANY, Appellant.

*Opinion filed March 31, 1981.*

Strodel & Kingery, Associates, of Peoria (Edward R. Durree, of counsel), for appellant.

Ronald Hanna, of Hamm & Hanna, Ltd., of Peoria, for appellee Joseph Vegich.

Jay H. Janssen and Jerelyn D. Maher, of Peoria, for appellee Sharon R. Kawolsky.

MR. JUSTICE SIMON delivered the opinion of the court:

The question McDougal Hartmann Company, the defendant in these consolidated cases, presents in its appeal is whether contributory negligence is a defense to an action brought under the statute referred to in this opinion as the Road Construction Injuries Act (Ill. Rev. Stat. 1979, ch. 121, par. 314.1 *et seq.*). Both cases arose from the same incident, a one-car accident in which a pick-up truck driven by Frank Kawolsky, with Joseph Vegich as his passenger, smashed into a flatbed trailer parked on a section of highway closed for repairs. The cab of the

pickup was sheared off; Kawolsky was killed and Vegich seriously injured.

There is no dispute as to what happened. The accident occurred at 11:45 p.m. on Route 24 in Peoria County. At that point the road was being converted to a four-lane, divided highway. The northbound lanes had already been completed and were open to two-way traffic, but the southbound lanes were still under construction and closed to traffic. Kawolsky and Vegich had been in a tavern for several hours, drinking beer. When they left the tavern, Kawolsky pulled onto the closed southbound lanes. The road surface was clean and dry. The pickup went about three blocks, then hit the trailer at about 25 miles per hour.

Both Vegich and the estate of Kawolsky brought actions against McDougal, the contractor in charge of the Route 24 repairs. The complaints alleged that McDougal had violated the Road Construction Injuries Act by failing to erect adequate barricades or signs warning motorists the road was closed for repairs. The complaint filed by the Kawolsky estate was dismissed by the circuit court of Peoria County for failing to allege that Kawolsky was free from contributory negligence. Vegich's complaint suffered a similar fate, but was amended to allege freedom from contributory negligence. McDougal then moved for and received summary judgment on the ground that Vegich had been contributorially negligent as a matter of law. The appellate court reversed both judgments and remanded the causes. *Kawolsky v. McDougal Hartmann Co.* (1980), 84 Ill. App. 3d 410; *Vegich v. McDougal Hartmann Co.* (1980), 84 Ill. App. 3d 354. The court allowed leave to appeal in both cases.

The Road Construction Injuries Act does not mention contributory negligence but provides, in pertinent part:

> "Sec. 4. Any portion of highway *** which is closed to all traffic shall be marked at each place where vehicles

have accessible approach \*\*\* and at a sufficient distance from the closed portion \*\*\* shall be marked with an adequate number of safe, suitable, and proper warning signs, signals or barricades \*\*\* so as to give warning to approaching motorists that such portion of \*\*\* highway is closed and unsafe for travel.

\*\*\*

Sec. 6. Any contractor \*\*\* who knowingly or wilfully violates any provision of this Act, shall be responsible for any injury to person or property occasioned by such violation, and a right of action shall accrue to any person injured for any damages sustained thereby; and in case of loss of life by reason of such violation, a right of action shall accrue to the surviving spouse of the person so killed, his or her heirs, or to any person or persons who were, before such loss of life, dependent for support on the person so killed, for a like recovery of damages sustained by reason of such loss of life." Ill. Rev. Stat. 1979, ch. 121, pars. 314.4, 314.6.

In applying the Act to the Vegich and Kawolsky complaints, the prime inquiry is whether the legislature intended that the common law defense of contributory negligence should be permissible in an action under the Act. Examination of the wording of this and comparable Illinois safety statutes leads to the conclusion that the legislature meant to eliminate contributory negligence in actions relying upon the Road Construction Injuries Act.

When the legislature creates a cause of action by means of a safety statute making wilfullness the standard of liability, a proper construction of the statute prevents the use of contributory negligence as a defense. This is true even though the safety statute is silent on the point. For example, in *Carterville Coal Co. v. Abbott* (1899), 181 Ill. 495, the court, construing the coal mining safety act (Ill. Rev. Stat. 1889, ch. 93, par. 3), explained:

"To hold that the same principle as to contributory negligence should be applied in case of one who is injured in a mine because the owner, operator or manager totally disregarded the statute, as

in other cases of negligence, *** would destroy the effect of the statute and in no manner regard the duty of protecting the life and safety of miners." (181 Ill. 495, 502.) The court also noted that the common law required that the injured miner be free from contributory negligence, but said, "This legislation fixes a broad and distinct exception from the general rule." (181 Ill. 495, 503.) See also *VonBoeckmann v. Corn Products Refining Co.* (1916), 274 Ill. 605, 612.

Nor is contributory negligence a permissible defense in a private action based on a violation of the Child Labor Law (Ill. Rev. Stat. 1979, ch. 48, par. 31.19). The standard of liability is wilfullness, but the statute does not mention contributory negligence. The court held in *Rost v. F. H. Noble & Co.* (1925), 316 Ill. 357, that contributory negligence will not defeat recovery when a child illegally employed is injured. "The defense does not apply to injuries willfully or intentionally inflicted." 316 Ill. 357, 374.

The Structural Work Act (Ill. Rev. Stat. 1979, ch. 48, pars. 60 to 69) is applied in a similar manner. That statute also makes wilful violations subject to liability, but fails to mention contributory negligence. Decisions dealing with the Structural Work Act have held that contributory negligence is not a defense. (*Gannon v. Chicago, Milwaukee, St. Paul & Pacific R.R. Co.* (1961), 22 Ill. 2d 305, 318.) In *Schultz v. Henry Ericsson Co.* (1914), 264 Ill. 156, 165, the court concluded that contributory negligence had no application to the Scaffold Act (as it is sometimes called), because that act was patterned after the coal mining safety act, which did not recognize contributory negligence as a defense. The Road Construction Injuries Act is patterned after the Structural Work Act (Sinder, *Chapter 121, Section 314.1 et seq.: Another Scaffold Act???* (1971), 59 Ill. Bar J. 842, 844); it is therefore

proper to conclude that contributory negligence should have no application to the Road Construction Injuries Act either.

The reason for casting aside contributory negligence applies equally to all safety statutes which limit violations of the statute to wilful acts. "The object to be attained by this statute [the Structural Work Act] was to prevent injuries to persons employed in this dangerous and extra-hazardous occupation, so that negligence on their part in the manner of doing their work might not prove fatal." (*Schultz v. Henry Ericsson Co.* (1914), 264 Ill. 156, 164.) Thus, this type of statute is not like the common law, which determines who should bear the loss only after the accident has occurred and then only if the one at fault has acted negligently. The point of a safety statute is to prevent accidents before they occur; failing that, to compensate those injured by extrahazardous but socially useful activities. When the statutory purpose of prevention is frustrated by a wilful violation and an accident follows, the full burden of the loss must be laid on the wrongdoer, even if the victim was himself negligent. The Road Construction Injuries Act is no exception. As one commentator has put it, "[T]he dominant legislative purpose of the Construction Injury Act is to protect and fully compensate persons injured by its violation." Sinder, *Chapter 121, Section 314.1 et seq.: Another Scaffold Act???* (1971), 59 Ill. Bar J. 842, 843.

The defendant urges that the Road Construction Injuries Act is more like the Public Utilities Act (Ill. Rev. Stat. 1979, ch. 111 2/3, par. 77), which permits contributory negligence as a defense. But the Public Utilities Act, which grants a cause of action to anyone injured by a violation of the statute or the rules of the Illinois Commerce Commission, does not limit violations to wilful acts. "The essence of the statutory provision [of the Public Utilities Act] is: 'In case any public utility shall

do *** *any act* *** prohibited *** or shall omit to do *any act* *** required *** such public utility shall be liable ***.' " (Emphasis added.) *Barthel v. Illinois Central Gulf R.R. Co.* (1978), 74 Ill. 2d 213, 219.

In addition, *Barthel* notes that the defense of contributory negligence is not read into statutes which are enacted to protect a class of persons against their own inability to protect themselves. (74 Ill. 2d 213, 221.) This exclusion furthers the protections the statute offers, for the defense of contributory negligence, if permitted, would dilute and withdraw the full protection the legislature intended to give the special class. While the Public Utilities Act does not protect a special class unable to protect itself, the Road Construction Injuries Act does. In this case the Act required that warning signs and barricades be erected at the place where Route 24 was closed. It was meant to protect motorists and workers: motorists who would otherwise be ignorant of the special hazards ahead, such as rough breaks in the pavement, uncompleted bridges, or equipment parked in the right-of-way; workers who would otherwise be subject to traffic going through the middle of their work area. The Act provides for warning the motorist of special dangers ahead and protecting the workers with barricades. Because of these differences the Road Construction Injuries Act need not be applied in the same way as the Public Utilities Act.

The defendant concedes that where a safety statute is designed to protect a specific class, contributory negligence is not a defense, but urges a different rule where the statute is designed to protect the general public. The Road Construction Injuries Act protects workers and motorists, a specific class, and so falls under the grouping McDougal acknowledges is covered. In any event, the premise on which McDougal advances this argument is in error. An act which protects the general public may nevertheless exclude the defense of contributory negligence. The

Structural Work Act, which protects the general public passing beneath scaffolds much like the Road Construction Injuries Act protects motorists on highways (see Ill. Rev. Stat. 1979, ch. 48, par. 60; *Kelly v. Northwest Community Hospital* (1978), 66 Ill. App. 3d 679, 683), is an example.

By using the term "wilful" in the Road Construction Injuries Act, the legislature meant to create a strict liability action for which contributory negligence would be no defense. The complaint filed by Kawolsky's estate should not have been dismissed, and summary judgment should not have been entered against Vegich.

The judgments of the appellate court are affirmed.

*Judgments affirmed.*