KAREN THOMAN, Plaintiff-Appellant, v. THE VILLAGE OF NORTH-
BROOK *et al.*, Defendants-Appellees.

First District (1st Division)   No. 84—2611

Opinion filed September 15, 1986.—Rehearing denied November 10, 1986.

Barry Holt and James T. Haddon, both of Chicago, for appellant.

Judge & Knight, Ltd., of Park Ridge (Gregory G. Lawton, of counsel),
for appellees.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Karen Thoman, brought this action to recover for personal injuries she sustained on January 2, 1981, in Northbrook, Illinois, when her automobile collided with defendant's vehicle. Defendant, Daniel McGee, was an employee of defendant, the village of Northbrook, and was engaged in road repairs while operating a vehicle owned by the village. Plaintiff alleged that defendant's vehicle was negligently operated, stopped and parked without displaying or operating warning lights or emergency flashers. Count I of plaintiff's complaint sounded in negligence and count II alleged violations of "An Act to protect workers and the general public from injury or death during construction or repair of bridges or highways ***" (hereinafter the Road Construction Injuries Act) (Ill. Rev. Stat. 1983, ch. 121, par. 314.1 et seq.). Defendants filed a motion to dismiss count II of plaintiff's complaint alleging that the statutory language of the Road Construction Injuries Act exempted the defendants from liability. The trial court granted the motion and plaintiff appeals.

The sole issue presented on review is whether the defendants, as a governmental agency and employee, are exempted from liability under the terms of section 8 of the Road Construction Injuries Act. Ill. Rev. Stat. 1983, ch. 121, par. 314.8

■■ The Road Construction Injuries Act is a safety statute designed to protect workers and the general public from injury or death during construction or repair of bridges and highways within the State of Illinois. (Ill. Rev. Stat. 1983, ch. 121, par. 314.1; Vegich v. McDougal Hartmann Co. (1981), 84 Ill. 2d 461, 419 N.E.2d 918.) As a safety statute, it must be given a liberal interpretation in order to effectuate the purpose of the statute and to afford broad protection to those the statute is designed to protect. (Kreke v. Caldwell Engineering Co. (1982), 105 Ill. App. 3d 213, 433 N.E.2d 1337.) The decision in this case requires that we interpret the meaning of the exemption set forth in section 8 of the Act, which provides as follows:

> "The provisions of this Act shall not apply to employees or officials of the State of Illinois or any other public agency engaged in the construction or the maintenance of highways and bridges." Ill. Rev. Stat. 1983, ch. 121, par. 8.

Plaintiff contends on appeal that section 8 of the Act does not exempt local governments and their employees from the duties and liabilities imposed by the statute. Plaintiff urges that since the word "or" is used in the phrase "of the State of Illinois or any other pub-

lic agency," this phrase must be read in the disjunctive. Plaintiff argues, therefore, that the exemption is not intended to apply to any governmental body, but is only intended to apply to certain employees or officials of these governmental bodies. Plaintiff construes this phrase as identifying which governmental units, namely, the State of Illinois or any other public agency, whose employees will be exempt. Defendants maintain that such a construction of the statutory language would be inconsistent with the purpose of the Act, which is to impose duties and liabilities on contractors, subcontractors and their agents engaged in major road construction projects.

■■ ■ This court addresses this for the first time. In construing a statutory provision not yet judicially interpreted, a court is guided by both the plain meaning of the language in the statute as well as legislative intent. (*Allstate Insurance Co. v. Winnebago County Fair Association, Inc.* (1985), 131 Ill. App. 3d 225, 475 N.E.2d 230.) The threshold task of this court, therefore, is to examine the terms of the statute itself. (*United States Steel Corp. v. Pollution Control Board* (1978), 64 Ill. App. 3d 34, 380 N.E.2d 909.) Moreover, a general rule of statutory construction is that exceptions within a statute are to be strictly construed. (*Smith v. Interstate Fire & Casualty Co.* (1977), 47 Ill. App. 3d 555, 362 N.E.2d 38.) From our review of the language of section 8, we are not persuaded by plaintiff's argument that section 8 should be interpreted to provide an exemption only for the employees or officials of public agencies, but not the agencies themselves.

In reaching this conclusion, we recognize the public policy behind the Act in question. The Act is a safety statute which is designed to protect a particular class of individuals when there is on-going construction on public roads or bridges. (*Vegich v. McDougal Hartmann Co.* (1981), 84 Ill. 2d 461, 419 N.E.2d 918.) Sections 5 and 6 of the Act (Ill. Rev. Stat. 1983, ch. 121, pars. 5, 6) provide for a criminal penalty and civil remedy to be imposed on contractors, subcontractors and their agents who violate the Act while engaged in major road construction projects. In our opinion the Act does not apply to the plaintiff's claimed violations in the case at bar as neither the village of Northbrook, nor its employee, Daniel McGee, can be considered to be contractors, subcontractors or their agents within the purpose and intent of the Act. (See *Richard v. Illinois Bell Telephone Co.* (1978), 66 Ill. App. 3d 825, 383 N.E.2d 1242.) From our reading of the Act as a whole, and section 8 specifically, we do not believe it was intended by the legislature to apply to local governments, or their officials or employees, as they may have little active

involvement in the day-to-day operation of major road repairs or construction. Since the right of action created under the Act was unknown at common law, we believe that the Act is to be construed strictly and not extended in its scope beyond that which its plain meaning indicates. *Richard v. Illinois Bell Telephone Co.* (1978), 66 Ill. App. 3d 825, 383 N.E.2d 1242.

■ We are also mindful of the rule that the disjunction "or" and conjunction "and" are not always employed in statutory drafting to express the true legislative purpose, and when it seems apparent that a literal reading would produce a result not intended, the literal meaning may be altered to express the true legislative purpose. (*Apex Oil Co. v. Henkhaus* (1983), 118 Ill. App. 3d 273, 454 N.E.2d 1032.) We believe the use of the disjunction "or" in section 8 is of no significance as it appears to us unlikely that the legislature intended to carve out an exemption for governmental employees and officials and not the agencies they represent. (See *Vines v. City of Chicago* (1982), 110 Ill. App. 3d 1060, 443 N.E.2d 652; *Kessler v. Lepiane* (1966), 69 Ill. App. 2d 1, 216 N.E.2d 241.) We think that the proper interpretation of section 8 is that government agencies engaged in the construction or maintenance of highways and bridges, as well as their employees and officials, are exempted from the provisions of the Road Construction Injuries Act.

Accordingly, we hold that the trial court acted properly in dismissing count II of plaintiff's complaint for failure to state a cause of action under the Road Construction Injuries Act. Plaintiff's remedy in this case, if any, must be based on common law principles of negligence.

Judgment affirmed.

BUCKLEY and O'CONNOR, JJ., concur.