JAMES BUTTS, Plaintiff-Appellant, v. THE CITY OF PEORIA, Defendant-Appellee.

Third District    No. 3—86—0240

Opinion filed February 20, 1987.

Brian Allen Kuehn and Steven P. Glancy, both of Lester Berry Smith, Ltd., of Peoria (M. Michael Waters, of counsel), for appellant.

Martin K. Morrissey, of McConnell, Kennedy, Quinn & Johnston, of Peoria (W. Thomas Johnston, of counsel), for appellee.

PRESIDING JUSTICE SCOTT delivered the opinion of the court:

The plaintiff brought a personal injury suit seeking damages against the defendant, the city of Peoria. The plaintiff alleged that the city had violated certain provisions of "An Act to protect workers and the general public from injury or death during construction or repair of bridges and highways ***" (the Road Construction Injuries Act) (Ill. Rev. Stat. 1985, ch. 121, par. 314.1 *et seq.*). The trial court granted defendant's motion for summary judgment and this appeal ensued.

This action stems from an accident which occurred in the 2200 block of West Nebraska Avenue on August 31, 1983, in the city of Peoria. The plaintiff was injured when at nighttime he drove his 1969 Honda motorcycle through barricades into a construction excavation located in the inside westbound lane of Nebraska Avenue in the city of Peoria. Nebraska Avenue has four lanes of traffic. Two lanes are for eastbound traffic and two lanes are for westbound traffic. A median separates these lanes of traffic.

The construction area where the accident occurred was limited solely to the inside lane of the two westbound lanes. At the time of

the accident, eastbound traffic was unobstructed and westbound traffic on the avenue was allowed to travel in the unobstructed right-hand lane of the roadway.

The plaintiff's theory of recovery was based solely on a statute known as the Road Construction Injuries Act (Ill. Rev. Stat. 1985, ch. 121, par. 314.1 *et seq.*). The trial court in dismissing plaintiff's first amended complaint based its decision on the law set forth in cases to the effect that the Road Construction Injuries Act is applicable only to those situations where a highway is closed altogether or where there is only one lane of traffic for use by vehicles traveling in opposite directions.

■■ The defendant, the city of Peoria, argued before the trial court and in this appeal that the Road Construction Injuries Act does not apply to the defendant because it is a public agency. Although the trial court found that the statute had no application because of factual circumstances surrounding the roadway, a court of review may affirm a summary judgment on any grounds appearing in the record. See *Weber v. Woods* (1975), 31 Ill. App. 3d 122, 334 N.E.2d 857; *Coomer v. Chicago & North Western Transportation Co.* (1980), 91 Ill. App. 3d 17, 414 N.E.2d 865.

■■ Oral argument in the instant case was on October 14, 1986. On November 10, 1986, the supreme court denied a petition for rehearing of a denial of leave to appeal in the case of *Thoman v. Village of Northbrook* (1986), 148 Ill. App. 3d 356, 499 N.E.2d 507. The *Northbrook* case specifically addressed the question as to whether a public agency is exempt from the provisions of the Road Construction Injuries Act. Section 8 of the Act (Ill. Rev. Stat. 1985, ch. 121, par. 314.8) was interpreted and the first district appellate court held that governmental agencies engaged in the construction or maintenance of highways and bridges as well as their employees and officials are exempted from the provisions of the Road Construction Injuries Act.

The decision in the case of the *Village of Northbrook* is precedential and hence the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

BARRY and WOMBACHER, JJ., concur.