**Robert M. ADAMI, Plaintiff,**

v.

**GREEN GIANT DIVISION, a DIVISION OF PILLSBURY COMPANY, a Corporation; Pillsbury Company, a Corporation; and Fluor Daniel, Inc., a Corporation, Defendants.**

No. 93 C 20152.

United States District Court, N.D. Illinois, Western Division.

April 29, 1994.

Stephen S. Phalen, Anesi, Ozmon & Rodin, Ltd., Chicago, IL, for plaintiff.

David W. Porter, Larry J. Chilton, Stevenson, Rusin & Friedman, Ltd., Stephen E. Ford, Stephen B. Frew, David J. Kiesler, Peter R. Mennella, Kiesler & Berman, Chicago, IL, Edward R. Telling, Scott C. Sullivan, John J. Holevas, Stephen E. Balogh, Williams & McCarthy, Rockford, IL, for defendants.

### *MEMORANDUM OPINION AND ORDER*

REINHARD, District Judge.

Plaintiff filed a two-count complaint seeking compensation for alleged injuries sustained on a work site under both the Illinois Structural Work Act, 740 ILCS 150 *et seq.,* (Count I) and Illinois common law (Count II). Defendant, Fluor Daniel, Inc., responded with an affirmative defense to Count I arguing the Illinois Structural Work Act (ISWA) has been preempted by the Occupational Safety and Health Act (OSHA) as interpreted by *Gade v. National Solid Wastes Management Assoc.,* —— U.S. ——, 112 S.Ct.

2374, 120 L.Ed.2d 73 (1992). Plaintiff filed a motion to strike the affirmative defense, disputing such an interpretation. Magistrate Judge P. Michael Mahoney granted plaintiff's motion to strike in a report and recommendation dated March 16, 1994, which relied upon *Startz v. Tom Martin Constr. Co.*, 823 F.Supp. 501 (N.D.Ill.1993), and *Vukadinovich v. Terminal 5 Venture*, 834 F.Supp. 269 (N.D.Ill.1993). Defendant timely filed an objection to the magistrate judge's report and recommendation. Defendant explicitly incorporated his response memorandum to plaintiff's motion to strike as the basis for his objection.

Defendant maintains OSHA has preempted ISWA. The preemption defendant claims is predicated upon *Gade.* Because OSHA and ISWA both deal with workplace safety, defendant contends *Gade* demands preemption of ISWA, thus precluding suits under ISWA. Defendant states OSHA's savings clause (29 U.S.C. § 653(b)(4)) is limited to worker's compensation or other employee/employer actions and argues the scope of ISWA by definition is outside OSHA's savings clause. Defendant also argues that section 18 of OSHA is inapplicable as there is an OSHA standard in effect and Illinois has no plan approved by the U.S. Secretary of Labor. Finally, defendant contends that *ISWA* is preempted because it is not a law of general application, as that concept is defined in *Gade.*

As defendant's entire objection is based upon *Gade v. National Solid Wastes Management Assoc.*, —— U.S. ——, 112 S.Ct. 2374, 120 L.Ed.2d 73 (1992), it is necessary to determine the scope of that decision. *Gade* grappled with OSHA's promulgation of standards for hazardous waste operations and Illinois' subsequent attempt to regulate hazardous waste handling through worker licensing and training requirements. The goal of Illinois' provisions was worker and public

safety in the handling of hazardous waste. The Court found this regulatory provision was preempted by OSHA. The Court stated OSHA "does not foreclose a State from enacting its own laws to advance the goal of worker safety, but it does restrict the way in which it can do so...." *Id.* at ——, 112 S.Ct. at 2386. The restriction placed upon the states is a prohibition (in the absence of federal permission) on state regulatory standards where there exists a federal OSHA standard.

The distinction that must be drawn between the case at bar and *Gade* centers upon the nature of the statutes involved. The ISWA provision under which plaintiff brings Count I, 740 ILCS 150/9, is remedial. *See Simmons v. Union Elec. Co.*, 104 Ill.2d 444, 85 Ill.Dec. 347, 354, 473 N.E.2d 946, 953 (1984) (where worker injury has occurred, the purpose of the ISWA is to "compensate those injured by extrahazardous but socially useful activities") (citing *Vegich v. McDougal Hartmann Co.*, 84 Ill.2d 461, 467, 50 Ill.Dec. 650, 419 N.E.2d 918 (1981)). In contrast, Congress stated that OSHA's purpose was to provide "every working man and woman in the Nation safe and healthful working conditions." 29 U.S.C. § 651(b). OSHA accomplishes that goal by preventing accidents through regulation of the workplace. It is enforced by fines or criminal action. *See* 29 U.S.C. § 666 (OSHA civil and criminal penalties). OSHA is a purely regulatory provision with no private remedial action.[1] Furthermore, the Illinois hazardous waste statutes found to be preempted in *Gade* were purely regulatory in that they were directed at licensing and training. Thus, the purely regulatory statutes at issue in *Gade* are distinguishable from ISWA which purpose, in part, is to provide a remedy for injured workers.

Further, as has been stated in the magistrate judge's report and recommendation, OSHA's savings clause independently pro-

---

1. Several courts of appeals have held that OSHA does not create a private cause of action against an employer for a violation. *Ries v. National R.R. Passenger Corp.*, 960 F.2d 1156, 1164 (3d Cir.1992) (citing, *Melerine v. Avondale Shipyards, Inc.*, 659 F.2d 706, 709 (5th Cir.1981); *United Steelworkers of America v. Marshall*, 647 F.2d 1189, 1235–36 (D.C.Cir.1980), *cert. denied*, 453 U.S. 913, 101 S.Ct. 3148, 69 L.Ed.2d 997, (1981); *Dravo Corp. v. Occupational Safety & Health Re-*

*view Comm'n*, 613 F.2d 1227, 1230 n. 2 (3d Cir.1980); *Jeter v. St. Regis Paper Co.*, 507 F.2d 973, 976–77 (5th Cir.1975); *Byrd v. Fieldcrest Mills, Inc.*, 496 F.2d 1323 (4th Cir.1974) (per curiam); *Russell v. Bartley*, 494 F.2d 334, 336 (6th Cir.1974)); *cf. Rambeau v. Dow*, 553 F.2d 32, 34 n. * (7th Cir.1977) (declining to decide the issue but recognizing it as not being easy to resolve).

vides an exemption for ISWA. OSHA's savings clause states that nothing in the statute is to be "construed to supersede or in any manner affect any workmen's compensation law or ... statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment." 29 U.S.C. § 653(b)(4). This provision has been explicitly interpreted to exempt ISWA from preemption. "There exists a solid consensus among the courts, including the Seventh Circuit, that section 653(b)(4) is a broad savings clause...." *Startz v. Tom Martin Constr. Co., Inc.*, 823 F.Supp. 501, 505 (N.D.Ill.1993).

Defendant also argues, however, that section 653(b)(4) does not exempt an action by an employee against a third-party, nonemployer found to be in charge of the workplace under ISWA. The *Startz* decision, however, directly refutes such an argument, citing *Pedraza v. Shell Oil Co.*, 942 F.2d 48, 53–54 (1st Cir.1991). *Id.* at 506. This court finds no reason to disagree with the rationale of *Startz* in this regard.

It is for the above reasons that the magistrate judge's report and recommendation is accepted, and plaintiff's motion to strike defendant's first affirmative defense is granted.