DARLA R. DONOVAN, Widow of Kenneth E. Donovan, Deceased, Indiv. and for the use and benefit of Jennifer Donovan, *et al.*, her Minor Children, Plaintiff-Appellant, v. BELOIT CORPORATION *et al.*, Defendants-Appellees.

Second District  No. 2—94—1234

Opinion filed September 8, 1995.

Mark Novak, Christopher J. Dallavo, Richard A. Kimnach, and Darius H. Bozorgi, all of Anesi, Ozmon & Rodin, Ltd., of Chicago, for appellant.

Mark J. McClenathan, Karen L. Kendall, and Craig L. Unrath, all of Heyl, Royster, Voelker & Allen, of Peoria, for appellee Beloit Corporation.

Richard K. Van Evera and James A. Maloney, both of Barrick, Switzer, Long, Balsely & Van Evera, of Rockford, for appellee Liebovich Custom Fabricating Company.

JUSTICE THOMAS delivered the opinion of the court:

The circuit court of Winnebago County dismissed count I and granted summary judgment as to count III of the third amended complaint alleging violation of the Illinois Structural Work Act (740 ILCS 150/1 *et seq.* (West 1992)) by which plaintiff, Darla Donovan, sought to recover for the death of her husband, Kenneth Donovan, who was killed when he fell from a ladder on a construction site. (The complaint also contained one common-law negligence count against each defendant.) The court granted defendant Beloit

Corporation's motion to dismiss for want of jurisdiction (735 ILCS 5/2—619(a)(1) (West 1992)) and defendant Liebovich Custom Fabricating Company's motion for summary judgment (735 ILCS 5/2—1005 (West 1992)). Both motions argued that the Occupational Safety and Health Act (OSH Act) (29 U.S.C.A. § 651 *et seq.* (West 1985)) preempted a private cause of action under the Illinois Structural Work Act. The trial court's order was made immediately appealable (see 155 Ill. 2d R. 304(a)), and plaintiff timely appealed.

Plaintiff argues that the court erred as a matter of law in dismissing the Structural Work Act counts of her complaint. She maintains that the OSH Act does not explicitly or implicitly deprive workers of a right of action for compensation under State law merely because the Federal and State statutes regulate the same conditions. She asserts that the OSH Act's "saving clause" (29 U.S.C.A. § 653(b)(4) (West 1985)) preserves causes of action under the Structural Work Act even were they otherwise preempted. In advancing both arguments, plaintiff emphasizes that the Structural Work Act provides a private right of action for compensation against the employer and other parties whereas the OSH Act relies entirely on government-initiated sanctions against employers.

Defendants reply that in *Gade v. National Solid Wastes Management Association* (1992), 505 U.S. 88, 120 L. Ed. 2d 73, 112 S. Ct. 2374, the Supreme Court invalidated Illinois laws that set standards for the training, licensing, and employment of hazardous waste workers. Defendants maintain that under *Gade* the OSH Act preempts any State laws, including the Structural Work Act, that establish occupational safety and health standards in areas where the Occupational Safety and Health Administration (OSHA) has already promulgated standards. Defendants argue further that section 653(b)(4) of the OSH Act does not save a State regulatory scheme that specifically and directly establishes workplace safety standards merely because that regulatory statute provides a private remedy for the violation of its standards.

■ The OSH Act authorizes the Secretary of Labor to promulgate national occupational safety and health standards. (29 U.S.C.A. § 655 (West 1985); *Gade*, 505 U.S. at 92, 120 L. Ed. 2d at 80, 112 S. Ct. at 2379.) The OSH Act specifically allows a State to regulate any safety issue for which no Federal standards are in effect (29 U.S.C.A. § 667(a) (West 1985)) and to regulate areas already covered by Federal standards if the Secretary of Labor approves a State plan for the enforcement and development of its standards (29 U.S.C.A. § 667(b) (West 1985)). However, there is no dispute that the Structural Work Act

regulates safety issues for which Federal standards are in effect and that Illinois has no approved plan that would permit "reverse preemption" under section 667(b) of the OSH Act. See *Gade*, 505 U.S. at 92, 120 L. Ed. 2d at 83, 112 S. Ct. at 2382; *Fragassi v. Neiburger* (1995), 269 Ill. App. 3d 633, 636; *Kerker v. Elbert* (1994), 261 Ill. App. 3d 924, 928; *Startz v. Tom Martin Construction Co.* (N.D. Ill. 1993), 823 F. Supp. 501, 504.

■ It is not essential for us to decide whether the OSH Act would preempt the Structural Work Act in the absence of the saving clause, section 653(b)(4). We hold that the language of that clause rescues any causes of action under the Structural Work Act from preemption. The "saving clause" reads:

> "Nothing in this chapter shall be construed to supersede or in any manner affect any workmen's compensation law or to enlarge or diminish or affect in any other manner the common law or *statutory rights, duties, or liabilities* of employers and employees under *any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment.*" (Emphasis added.) 29 U.S.C.A. § 653(b)(4) (West 1985).

We believe that the clear import of this language is that Congress intended that the passage of the OSH Act in 1970 was not to weaken or impair the preexisting rights—common law or statutory—of employees to recover for workplace-related injuries. Congress' concern for uniformity did not extend to invalidating decades of already operative State rules, particularly where those rules provide rights and remedies (such as a private cause of action for damages) that are not even available under the OSH Act. (See *Pratico v. Portland Terminal Co.* (1st Cir. 1985), 783 F.2d 255, 265-66 (OSH Act does not create private right of action against employer).) Aside from the sweeping language of the saving clause, the relevant case authority supports this view.

In 1977, the Supreme Court stated, albeit in *dictum*, that the recently created remedies under the OSH Act "exist[ ] whether or not an employee is actually injured or killed as a result of the condition, and existing state statutory and common-law remedies for actual injury and death remain unaffected." *Atlas Roofing Co. v. Occupational Safety & Health Review Comm'n* (1977), 430 U.S. 442, 445, 51 L. Ed. 2d 464, 469, 97 S. Ct. 1261, 1264.

The *Gade* Court had no opportunity to construe the "saving clause" of section 653(b)(4) of the OSH Act. The plurality simply noted that section 653(b)(4) was not implicated under the facts of the case. (*Gade*, 505 U.S. at 91, 120 L. Ed. 2d at 91, 112 S. Ct. at 2388.) The *Gade* Court's conclusion that the saving clause was simply irrel-

evant to the hazardous waste laws in that case implies that the Court found no need to construe it.

The courts that *have* considered the scope of section 653(b)(4) are in wide agreement that it is a broad saving clause that protects a great variety of State causes of action. (See, *e.g., National Solid Wastes Management Association v. Killian* (7th Cir. 1990), 918 F.2d 671, 687, *aff'd sub nom. Gade v. National Solid Wastes Management Association* (1992), 505 U.S. 88, 120 L. Ed. 2d 73, 112 S. Ct. 2374; *Davis v. States Drywall & Painting* (1994), 268 Ill. App. 3d 704, 715; *Pedraza v. Shell Oil Co.* (1st Cir. 1991), 942 F.2d 48, 53-54; *Adami v. Green Giant Division, a Division of Pillsbury Co.* (N.D. Ill. 1994), 849 F. Supp. 615, 617; *Vukadinovich v. Terminal 5 Venture* (N.D. Ill. 1993), 834 F. Supp. 269, 273; *Startz v. Tom Martin Construction Co.* (N.D. Ill. 1993), 823 F. Supp. 501, 505; *York v. Union Carbide Corp.* (Ind. App. 1992), 586 N.E.2d 861, 866.) Several Federal appellate courts have concluded that the purpose of section 653(b)(4) is broadly to preserve the existing private rights of injured employees. (*Pratico,* 783 F.2d at 266; *Frohlick Crane Service, Inc. v. Occupational Safety & Health Review Comm'n* (10th Cir. 1975), 521 F.2d 628, 631; *Jeter v. St. Regis Paper Co.* (5th Cir. 1975), 507 F.2d 973, 977.) In *Davis, Adami, Vukadinovich,* and *Startz,* the courts held specifically that section 653(b)(4) protects the Structural Work Act itself.

We agree with the courts that have read section 653(b)(4) as a broad saving clause and that have concluded that the duties and rights created by the Structural Work Act—which long antedates the OSH Act—are among the "statutory rights, duties, and liabilities" that arise out of employees' on-the-job injuries or deaths. We believe that this is the straightforward and natural import of the statutory language, and we follow that plain meaning. (*People v. Hicks* (1995), 164 Ill. 2d 218, 222.) Furthermore, absent contrary instruction from the Supreme Court, we must defer to the Federal courts' interpretation of a Federal statute. *Elgin, Joliet & Eastern Ry. Co. v. Industrial Comm'n* (1956), 9 Ill. 2d 505, 507.

■ As nothing in *Gade* compels us to conclude otherwise, we hold that section 653(b)(4) of the OSH Act preserves a private cause of action under the Structural Work Act. Therefore, the trial court erred in dismissing count I and granting summary judgment as to count III of plaintiff's third amended complaint.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

INGLIS and RATHJE, JJ., concur.