David L. WICKHAM, Plaintiff,

v.

AMERICAN TOKYO KASEI, INC., a corporation; and Tokyo Kasei Kogyo, a Japanese Corporation, Defendants, Third Party Plaintiff.

AMERICAN TOKYO KASEI, INC., a corporation; and Tokyo Kasei Kogyo, a Japanese Corporation, Third Party Plaintiffs,

v.

G.D. SEARLE & COMPANY and Laidlaw Environmental Services, Inc., Third Party Defendants.

No. 95 C 50014.

United States District Court, N.D. Illinois, Western Division.

May 17, 1996.

Robert A. Fredrickson, Reno, Zahm, Folgate, Lindberg & Powell, Rockford, IL, for David L. Wickham.

Thomas H. Boswell, Hinshaw & Culbertson, Rockford, IL, for American Tokyo Kasei, Inc. and Tokyo Kasei Kogyo.

Brian William Bell, Swanson, Martin & Bell, Chicago, IL, Bruce Stephen Terlep, Swanson, Martin & Bell, Wheaton, IL, Barbara Kalobratsos and Pamela K. Harman, Landau, Omahana & Kopka, Ltd., Chicago, IL, for G.D. Searle & Co. and Laidlaw Environmental Services, Inc.

## ORDER

ROSZKOWSKI, District Judge.

This matter comes before the Court on Defendants American Tokyo Kasei and Tokyo Kasei Kogyo's Motion for Judgment on the Pleadings. For the reasons that follow, the motion is denied.

### Facts

Plaintiff brings this products liability action for injuries suffered at work when the chemical DMAD, manufactured by the defendants, exploded. His Amended Complaint alleges in part that defendants failed to put any warnings on the container advising of the chemical's explosiveness or shock sensitivity propensities. He further alleges that defendants failed to inform potential users of the chemical's explosiveness either through material safety data sheets or catalog listings.

Defendants contend that any claim based on a failure to warn of the potential hazards of a chemical is preempted by OSHA. Defendants argue that this is a case of expressed preemption. In their brief they state that when Congress has included in legislation a provision expressly addressing preemption, there is no need to infer Congressional intent, and federal law will preempt state law based solely on the substantive provisions of the legislation. They argue that Congress has expressly indicated its intent to preempt tort actions based on warnings and labels for chemicals produced, imported or used in the workplace. They move for a judgment on the pleadings as to the allegations based upon a failure to warn, specifically parts (a), (c), (d) and (e) of paragraph seven of Counts I and II, and parts (a), (b) and (c) of Counts III and IV of plaintiff's Amended Complaint.

### Discussion

Congress enacted the Occupational Safety and Health Act to ensure safe and healthful working conditions for the nation's employees. 29 U.S.C. § 651(b). Included in OSHA are health and safety standards regarding labels and warnings required on chemicals produced, imported or used in a workplace. 29 C.F.R. § 1910.1200(f)(1). Section 1910.1200(a)(2) states that these standards are "intended to preempt any legal requirements of a State, or political subdivision of a State, pertaining to the subject."

OSHA also contains a savings clause which states that nothing in the statute is to be "construed to supersede or in any manner affect any workman's compensation law or ... statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or both, of employees arising out of, or in the course of, employment." 29 U.S.C. § 653(b)(4). Courts have consistently held that OSHA's broad savings clause protects state tort laws from preemption. See, e.g., Pedraza v. Shell Oil Company, 942 F.2d 48, 54 n. 8 (1st Cir.1991) ("We are aware of no case which holds that OSHA preempts state tort law"). The First Circuit Court of Appeals makes this clear in Pedraza:

What little legislative history we have discovered leaves even less doubt that § 4(b)(4) evinces a congressional intent to preserve state tort law from preemption. In a letter to the chairman of the House Subcommittee on Labor, the Solicitor of Labor explained that OSHA "would in no way affect the present status of the law with regard to workman's compensation legislation or private tort actions."

Id. at 54 n. 8.

Pedraza is a case very similar to the case at bar. The plaintiff sued Shell Oil Company, the manufacturer of the toxic chemical ECH which Pedraza claimed caused his respiratory ailments through overexposure in the workplace. Pedraza alleged, among other things, a failure to warn. Shell contended that Pedraza's claims, which were predicated in part on Connecticut common law and statutory law, were preempted by OSHA. Shell based its argument on that section of OSHA which preempts state regulations that have not obtained federal approval. 29 U.S.C. § 667(b). The Court disagreed, holding that nothing in that section indicated a Congressional intent to "preempt enforcement in the workplace of private rights and remedies traditionally afforded by state laws of general application." 942 F.2d at 52–53. The Court also held that OSHA's savings clause protected state tort law from preemption. Id. at 52.

Defendants fashion the issue as one of implied versus expressed preemption, and in this way attempt to distinguish this case from Pedraza and all of the other cases which hold that OSHA does not preempt state tort law. They focus on section 1910.1200(a)(2), contending that in that section Congress expressly indicates its intent to preempt any state regulation of warnings on chemicals used in the workplace. If so (and this court makes no holding on that issue), that section might preempt those tort actions which allege that a manufacturer in compliance with the OSHA standard should have included different or additional warnings. The reason for such a result is apparent. If a plaintiff under those circumstances was successful, it would have the effect of making state common law requirements that were different or more stringent than federal

standards. As the Supreme Court has noted, "state regulation can be as effectively exerted through an award of damages as through some form of preventive relief." *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 521, 112 S.Ct. 2608, 2620, 120 L.Ed.2d 407, 426 (1992) (*citing San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 247, 79 S.Ct. 773, 780, 3 L.Ed.2d 775 (1959)).

Cases interpreting acts with similar preemption clauses hold that inasmuch as a tort action alleges that a manufacturer should have included additional warnings not required by the particular act, that cause of action would be preempted. *See, e.g., Moe v. MTD Products*, 73 F.3d 179 (8th Cir.1995) (holding that FIFRA's preemption clause prohibited common law tort actions that would have the effect of creating a state standard); *King v. E.I. DuPont De Nemours & Company*, 996 F.2d 1346 (1st Cir.1993); *Papas v. Upjohn*, 985 F.2d 516 (11th Cir. 1993) (interpreting FIFRA's preemption clause as prohibiting tort law claims that would require different or additional warnings not imposed under FIFRA); *See, also, Farner v. Brunswick*, 239 Ill.App.3d 885, 180 Ill.Dec. 493, 607 N.E.2d 562 (2nd Dist.1992) (holding that since the Federal Boat Safety Act did not require blade guards on boats, and the FBSA contained a preemption clause, no state law tort claim could lie for failure to provide such a guard). These cases reason that if a tort action were allowed, it would amount to state regulation where the federal government had already preempted the field.

The Supreme Court reached the same conclusion in *Cipollone*. There, the plaintiff sued a cigarette manufacturer for illness allegedly caused by smoking. The plaintiff contended, among other things, that the manufacturer should have included additional warnings on the package and in advertisements. However, the Public Health Cigarette Smoking Act of 1969 contained a preemption clause which read: "No requirement or prohibition based on smoking and health shall be imposed under State law with respect to the advertising or promotion of any cigarettes the packages of which are labeled in conformity with the provisions of this act."

The defendant manufacturers were in compliance with the applicable warning standard of PHCSA. The Court held that the Act preempted state tort law claims based on failure to warn, but only insofar as those claims were based upon the theory that cigarette manufacturers should have included additional warnings not required by the Act. *Cipollone*, 505 U.S. at 525, 112 S.Ct. at 2622, 120 L.Ed.2d at 428.

Common to these cases is the fact that the defendant manufacturers were in compliance with the particular act, and the plaintiffs contended that the defendants should have included additional warnings. Defendants cite all of these cases in support of their motion, but fail to point out the critical factual difference between these cases and the case at bar. Here, the plaintiff alleges that the defendants, in violation of OSHA standards, failed to put any warnings on the chemical containers whatsoever. He does not contend that the defendants should have included additional or different warnings. Plaintiff's suit, if successful, would not have the effect of creating any state imposed modification of OSHA standards and, thus, would not amount to state regulation. Therefore, even if OSHA preempted state regulation of chemical labels and warnings, it would not preempt this particular cause of action.

Defendants contend that the plaintiff's remedies for a violation of OSHA are those which are contained within the Act. But courts have consistently held that OSHA is a purely regulatory provision that creates no private right of action. *Adami v. Green Giant*, 849 F.Supp. 615, 616 (N.D.Ill.1994). Instead, it is enforced by fines or criminal prosecution. *Id.* Criminal prosecution or a fine payable to the federal government would not compensate the plaintiff for his alleged injuries. If § 1910.1200(a)(2) did preempt a cause of action like plaintiff's based on a failure to warn, an employee would be without a remedy even when a defendant failed to comply with OSHA. It is obvious to this Court that Congress, in enacting a statute designed specifically to protect employees and others from such potential hazards, did not intend such a result.

### *Conclusion*

For the reasons stated, defendant's Motion for Judgment on the Pleadings is denied.